```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
JOSEPH DELLAMEDAGLIA,                                       :
                                                            :
                                Plaintiff,                  :
                                                            :                  20-cv-6753 (VSB)
                -against-                                   :
                                                            :                     ORDER
ZEMAK LLC, et al.,                                          :
                                                            :
                                Defendants.                 :
                                                            :
------------------------------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/25/2021
```

VERNON S. BRODERICK, United States District Judge:

  I am in receipt of the parties' Rule 68 filings dated January 12, 2021. (Docs. 42–43.)

  In *Cheeks v. Freeport Pancake House, Inc.*, the Second Circuit determined that Fair Labor Standards Act ("FLSA") settlements have "unique policy considerations" such that they must "require the approval of the district court or the [Department of Labor] to take effect." 796 F.3d 199, 206 (2d Cir. 2015). More recently, the Second Circuit determined that "judicial approval is not required of Rule 68(a) offers of judgment settling FLSA claims." *Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 398 (2d Cir. 2019). In light of this unqualified language, I believe that *Mei Xing Yu* compels the result here that I must enter judgment in accordance with the parties' Rule 68 offer and acceptance of judgment.

  However, I note that the parties' actions here are inconsistent with the purpose of Rule 68,[1] and that absent further clarity from the Second Circuit or legislative action, the holding in

---

[1] Rule 68(a) provides that

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter

*Mei Xing Yu* threatens to dramatically curtail the impact of the holding in *Cheeks* and its attempts to protect workers' wages. In *Mei Xing Yu*, the parties mailed each other an offer and acceptance of judgment under Rule 68, and notified the court in a timely manner only after the offer was accepted. *Id.* The day after the district court was advised of the offer and acceptance the district court ordered the parties to submit the terms of settlement and a joint letter pursuant to the FLSA and *Cheeks*. *Id.* In that case, the parties had not reported settlement prior to and separate and apart from their Rule 68 filings.

Here, however, the timeline is reversed. On January 4, 2021, the parties initially reported settlement having participated in a mediation on December 22, 2020. (Doc. 40.) After receiving the parties' status report related to the mediation, I issued an order discontinuing the case without costs to any party and without prejudice to restoring the action to this Court's docket if the application to restore the action is made within thirty days. (Doc. 41.) The parties filed their Rule 68 materials days after they had initially reported settlement. (Docs. 42–43.)

In this way, I believe that the parties' actions here "conflict[] with the spirit of" the holding in *Cheeks*, which is designed "to prevent abuses by unscrupulous employers, and remedy the disparate bargaining power between employers and employees." *Segarra v. United Hood Cleaning Corp.*, No. 15-CV-656 (VSB), 2016 U.S. Dist. LEXIS 189293, at *2 n.1 (S.D.N.Y. Jan. 6, 2016) (internal quotation marks omitted). The current system incentivizes the parties to

---

judgment.

Rule 68(d) provides that "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made," which includes attorney's fees. Fed. R. Civ. P. 68(d). Rule 68(b) outlines the effect of an unaccepted offer, and Rule 68(c) discusses the mechanism for making an offer of judgment after a party's liability has been determined but the extent of liability/damages remains to be determined. "The plain purpose of Rule 68 is to encourage settlement and avoid litigation. . . . The Rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." *Mei Xing Yu*, 944 F.3d at 400 (quoting *Marek v. Chesny*, 473 U.S. 1, 5 (1985)).

"evade *Cheeks* review" by submitting Rule 68 offers and acceptances after reaching a settlement agreement.  *See Toar v. Sushi Nomado of Manhattan, Inc.*, No. 13-CV-1901 (VSB), 2017 U.S. Dist. LEXIS 55162, at *12 (S.D.N.Y. Mar. 16, 2017).

Nevertheless, pursuant to the Second Circuit's holding in *Mei Xing Yu*, it is hereby:

ORDERED that judgment shall be entered in accordance with the parties' Rule 68 offer and acceptance of judgment previously filed in this case.  (Docs. 42–43.)

SO ORDERED.

Dated:  January 25, 2021
        New York, New York

Vernon S. Broderick
United States District Judge